ALD-119                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1014
_____

IN RE: FREDERICK H. BANKS,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Fed. R. App. Pro. 21
February 7, 2018

Before:  MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 4, 2018)
_____

OPINION[*]
_____

PER CURIAM

        Petitioner Frederick Banks is currently awaiting trial in the United States District

Court for the Western District of Pennsylvania on charges of interstate stalking, 18

U.S.C. § 2261(a)(2), aggravated identity theft, § 1028A(a)(1), making false statements,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

§ 1001(a)(3), and wire fraud, § 1343.  In an order entered December 12, 2017, the District Court determined, inter alia, that Banks is competent to stand trial, but incompetent to represent himself.  Banks appealed[1], and filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1651, seeking an order directing the District Court to allow him to represent himself at trial, and to appoint standby counsel.  For the following reasons, we will deny the mandamus petition.

Traditionally, use of the writ is appropriate "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."  Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943).  Banks alleges that the District Court did not lawfully exercise its jurisdiction in denying his right to self-representation.  However, the remedy of mandamus is "a drastic one, to be invoked only in extraordinary situations."  United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992).  To justify the use of this extraordinary remedy, Banks must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired.  See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992).  Because Banks has raised the same issues in his appeal which is pending separately before the Court, he has not shown that he has no other alternative means of relief.

Accordingly, we will dismiss the petition for writ of mandamus.

---

[1] In his notice of appeal, Banks specifically states that he is appealing the December 12th order to the extent it denied him the right of self-representation.  See C.A. No. 17-3822.

2